UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANA BASS                                CIVIL DOCKET NO. 1:22-cv-00550

VERSUS                                   JUDGE DAVID C. JOSEPH

IMPERIAL FIRE & CASUALTY                 MAGISTRATE JUDGE JOSEPH H.L.
INSURANCE COMPANY                        PEREZ-MONTES

FINAL JUDGMENT

Before the Court are two pending motions: a JOINT RENEWED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Doc. 53] and PARTIES' JOINT
SUPPLEMENTAL SUBMISSION IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT [Doc. 58]
wherein Plaintiff Dana Bass, individually and on behalf of the proposed settlement
class ("Plaintiffs"), seek final approval of the *Settlement Agreement* [Doc. 37-1] (the
"Settlement Agreement"), and the exhibits attached thereto, entered into by and
between Plaintiffs and Imperial Fire & Casualty Insurance Company ("Defendant").
The Court also considered the arguments and evidence presented in the following
previously denied motions:  PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES
AND COSTS AND PLAINTIFF'S SERVICE AWARD [Doc. 42], and PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF
SETTLEMENT CLASS [Doc. 46].  Plaintiffs seek: (i) certification of the class (hereinafter,
"Class") for settlement purposes, (ii) final approval of the proposed settlement, (iii)
approval of Plaintiffs' application for attorneys' fees and cost, (iv) the granting of a
service award to the Named Plaintiff, and (v) appointment of a Class Representative
and Class Counsel.  Having considered the motions and after holding a Second Final

Fairness Hearing on August 15, 2025, the Court GRANTS IN PART the motions as described herein and for the reasons set forth below.

## BACKGROUND

Plaintiffs filed suit on February 24, 2022, alleging that Defendant improperly failed to pay Sales Tax and Transfer Fees when adjusting total loss claims in Louisiana. [Doc. 1]. The parties subsequently agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Settlement Agreement and filed PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS [Doc. 37]. On April 18, 2024, the Court entered an Order preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a Class Action. [Doc. 38]. As part of this Order, the Court directed the implementation of a plan for disseminating notice of the settlement ("Notice Plan") and scheduled a hearing to be held on December 10, 2024, to determine whether the Proposed Settlement is fair, reasonable, and adequate and should be approved.

At the hearing,[1] the Court denied approval of settlement [Docs. 42 and 46] and ordered the parties to send out another regular U.S. Mail notice to all members of the putative Class and extending the claim deadline to January 17, 2025 [Doc. 52]. The Court ordered that after the claims deadline, the Defendant had seventy-five days to

---

[1]     Appearing on behalf of the Named Plaintiff and the Settlement Class was Edmund Normand, Normand PLLC, 3165 McCrory Place, Suite 175, Orlando, Florida 32803, and Soren Gisleson, Herman & Katz, 820 O'Keefe Avenue, New Orleans, Louisiana 70113 ("Class Counsel"). Appearing on behalf of Defendant were Mithun Kamath, Barrasso, Usdin, LLC, 909 Poydras Street, Suite 2350, New Orleans, Louisiana 70112 and Steven M. Levy, Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, Illinois 60606.

review the claims, after which the parties could jointly file a motion for final approval of the Class Action settlement and attorneys' fees.  *Id.*  Subsequent to the filing of the JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Doc. 53], the Court held a status conference on June 12, 2025, and subsequently issued an Order: (i) setting a Second Final Fairness hearing on August 15, 2025; (ii) extending the deadline to August 1, 2025, for Class Members to submit claims; and (iii) requiring the parties to send a third round of Notice to all Class Members via email and mail.  [Doc. 56, p. 2].  The Court also ordered the parties to submit the following during the Second Fairness Hearing: (i) evidence on the factors outlined in Fed. R. Civ. P. 23(e); (ii) additional evidence on the factors from *Reed v. Gen Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983), particularly on the likelihood of success on the merits in the absence of the Settlement; and (iii) testimony from a representative of Defendant regarding the timing and rationale behind changes in Imperial's practices concerning Sales Tax and Transfer fees.  *Id.* at pp. 2-3.

Due and adequate notice has now been given to the Class in compliance with the procedures set forth in the Settlement Agreement, the Preliminary Approval Order, and subsequent Court Orders, and a Second Final Fairness Hearing was held on August 15, 2025.  After careful consideration of the relevant filings, the Court enters the following Order:

**A.    DEFINITIONS**

1.    All capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement and are hereby incorporated by reference, and this

Order incorporates by reference the definitions in the Settlement Agreement. [Doc. 37-1, pp. 4-12].

## B.    JURISDICTION

1.     The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class. Venue is also proper in this district.

2.     Although this Order constitutes a final judgment, the Court retains jurisdiction of all matters relating to the Settlement Agreement and disposition of the Settlement Fund. Plaintiffs' counsel and the Claims Administrator are hereby directed to continue overseeing implementation of the Settlement Agreement. Counsel may seek from this Court such further Orders or process as may be necessary to protect and implement the Settlement Agreement and this Order.

## C.    NOTICE

1.     Members of the Class had the right to exclude themselves ("opt-out") by way of the opt-out procedures set forth in the Preliminary Approval Order and detailed in the Notice Plan approved by this Court. Excluded from the Class are those persons who validly and timely requested exclusion from the Class by way of the opt-out procedure. No members of the Class chose to opt-out of this action. [Doc. 53, p. 14].

2.     Imperial's counsel and Class Counsel have confirmed to the Court that the Parties have complied with the Notice Plan. Pursuant to the Court's Preliminary Approval Order, the approved Notice was sent to the Class Members via email and mail. [Doc. 46-1]. There was also a Settlement Website

(www.BassAutoLossSettlement.com) accessible to Class Members. *Id.* The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of due process, and constituted the best notice practicable under the circumstances. And pursuant to subsequent Court Orders, [Docs. 52, 56], two rounds of supplemental Notices were disseminated to the Class, which the Court finds satisfactory. The supplemental Notices ordered *sua sponte* by the Court resulted in an increase in the claims rate from approximately 10% of the Class Members to 25.5%. [Doc. 58-2, p. 4]. Lastly, the Court further finds that the Notice Plan was designed to advise the Class Members of their rights and clearly and concisely presented all aspects of the Action and Settlement in plain, easily understood language.

**D.    CLASS CERTIFICATION**

1.    This Court previously granted preliminary certification, for settlement purposes only, of this matter as a Class Action on behalf of the following Class [Doc. 38]:

> All Insureds, under any Louisiana automobile insurance policy issued by IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY ("Defendants"), and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the relevant time period and who are mailed class Notice and do not timely opt out from the settlement class (the "Settlement Class"). Excluded from the Settlement Class are: (1) Imperial, its agents, employees, subsidiaries, parents, and related entities, all present or former officers and/or directors of Imperial, the Settlement Administrator, the Mediator, Class Counsel, and any Judge of this Court and the Judge's staff and employees; (2)

Individuals with claims for which Imperial received a valid and executed release; (3) Individuals who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement; (4) Individuals who request exclusion from the Class; and (5) Individuals with claims for first-party property damage as to which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Settlement Agreement is filed.

2.      For purposes of Settlement, the threshold requirements and Rule 23 requirements for class certification are met. *See DeHoyos v. Allstate Corp.*, 240 F.R.D. 269 (W.D. Tex. 2007) (a class action for purposes of settlement must comply both with the prerequisites of Fed. R. Civ. P. 23(a) but must also satisfy one subsection of Fed. R. Civ. P. 23(b)).  Plaintiffs possess Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable.  The Settlement Class is adequately defined because the Class definition is clear and precise, is based on objective criteria, and is not overbroad.

3.      For purposes of settlement, the Class is sufficiently numerous, there are questions of law and fact common to the Settlement Class, Plaintiff's claims are typical of the Settlement Class, and both Plaintiff and Class Counsel are adequate representatives of the Settlement Class.

4.      For purposes of settlement, questions common to the Class predominate over any individual questions, and Class treatment is superior to alternative forms of adjudication.

5.      The Court therefore certifies for the purposes of settlement the above-described Class.

### E.    CLASS COUNSEL AND REPRESENTATIVES

1.    The Court herein appoints Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, P.A., and Herman Herman & Katz, LLC as Class Counsel.

2.    The Court previously approved Dana Bass as the Class Representative and appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement administrator.  [Doc. 38, p. 3].

### F.    FAIRNESS OF SETTLEMENT

1.    "There is a 'strong judicial policy favoring the resolution of disputes through settlement'" and a presumption of the settlement's fairness is made in the absence of contrary evidence.  *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 843 (E.D. La. 2007), *citing Smith v. Crystian*, 91 F. App'x 952, 955 (5th Cir. 2004).

2.    Based on the evidence in the record, as well as the evidence and testimony presented at the Final Fairness Hearings on December 10, 2024, and August 15, 2025, and having considered the requirements for approval set forth in Fed. R. Civ. P. 23(e) and the factors discussed by the Fifth Circuit in *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983), the Court finds that the settlement of the Class Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interest of the Class Members.

3.    The Court finds that the Class Representative and Class Counsel have adequately represented the Class; the Settlement Agreement was negotiated at arm's length; the relief provided for the Class is adequate; and the proposal treats Class Members equitably relative to each other.  Fed. R. Civ. P. 23(e).

4.      Likewise, there is no evidence of fraud or collusion behind the Settlement.  The Settlement Agreement will benefit the Class; counsel for both Plaintiffs and Defendant have engaged in sufficient discovery to understand the strengths and weaknesses of their respective cases for purposes of negotiating a settlement; Plaintiffs' success on the merits would be uncertain; the recovery awarded is the maximum possible recovery for Plaintiffs; and both Class Counsel and the Class Representatives are in favor of the Settlement Agreement.  And although certain class members attended the Second Fairness Hearing, there were zero objections and zero opt outs, which is strong evidence in support of the fairness and reasonableness of the Settlement terms.

5.      Accordingly, [Doc. 53] and [Doc. 58] are GRANTED, and the Settlement Agreement is FINALLY APPROVED.

## G.      ATTORNEYS FEES AND EXPENSES

1.      The Court has also considered the application for attorneys' fees and expenses. For the reasons that follow, Court approval for these payments is GRANTED IN PART as amended herein:

2.      The Court finds that the litigation expenses, along with costs for Class Notice and administrative costs, incurred to date by Class Counsel are reasonable and should be paid by Defendant pursuant to the terms of the Settlement Agreement.

3.      With respect to attorneys' fees, the Fifth Circuit has approved district courts' "use of the percentage method cross-checked with the *Johnson* factors." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012).  In applying the percentage method, the Court first calculates the value of the settlement, and

then ensures the fee is reasonable.  5 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS §

15:69 (6th ed.).

  4.  The Court finds that the value attributable to the Settlement in this

action includes the following: (i) $827,446.59 in cash benefits paid to Class Members,

[Doc. 58-1, p. 3]; (ii) $76,554.68 in Class Notice and administration costs, [Doc. 58-2,

p. 4]; (iii) $13,823.06 in Plaintiffs' litigation costs, *Id.*; (iv) a $5,000 service award; and

(v) attorneys' fees.[2]

  5.  The Court declines to include the alleged "future benefits" in its

valuation of the settlement. As explained by Imperial Representative Cheryl

Henderson at the Second Final Fairness hearing, the "non-monetary consideration"

in the settlement merely restates the practice Imperial had adopted with respect to

the majority its claims as of February of 2022.  While it appears that the Settlement

Agreement did cause Imperial to change its practices as to two sub-categories of

claims in late 2024, these categories represent only a small portion of total future

claimants.  Moreover, the obligation in the settlement is one that Imperial likely

already has under existing law. *See* [Doc. 37-1, ¶ 79].  *See e.g. Levell v. Monsanto*

*Rsch. Corp.,* 191 F.R.D. 543, 554 (S.D. Ohio 2000) ("Ordinarily, a defendant's promise

to do that which the law already requires is not a valuable benefit.").  Further, to the

extent Imperial's change in practice constitutes "non-monetary consideration" it does

not confer any actual benefits to the Class – which explicitly excludes "[i]individuals

---

[2]  *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1078 (S.D. Tex. 2012), *citing* 4 RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:53 (including cost of notice, administrative costs, and attorneys' fees in value of settlement); *In re Oil Spill by Oil Rig Deepwater Horizon,* 295 F.R.D. 112, 125-26 (E.D. La. 2013)(same).

who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement." *See Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 846 (5th Cir. 1998) (district court acted within its discretion in considering only actual claims awarded, finding counsel's $64 million valuation of the settlement to be "illusory."); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1075 (S.D. Tex. 2012) (emphasizing that "the fee award should be based only on the benefits actually delivered.").

6.      Next, the Court performs a *Johnson* cross-check to ensure the fee is reasonable, considering: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

7.      At the outset, the Court recognizes that counsel performed work on this matter, committing time and effort to the prosecution of this case. It is clear that counsel possesses prior experience in this field. The Court also acknowledges that the nature of this case, combined with its contingency fee arrangement, may make it undesirable to some practitioners. *See e.g. In re Actos (Pioglitazone) Prods. Liab.*

*Litig.*, 274 F. Supp. 3d 485, 533 (W.D. La. 2017) ("Classes may be deemed 'undesirable' when 'the defendant is a large corporation with substantial resources, financial and otherwise, for a vigorous defense; and the legal and factual issues presented risks to recover absent settlement.'"). And the Settlement saved time, risk, and inconvenience to those Class Members that submitted claims.

8.      But counsels' extensive experience in this field likely made the case more desirable and increased the likelihood of recovery. Furthermore, the benefit of the Settlement's outcome is diminished as Class Members who neither opt-out nor submit claims receive no benefit. If the case had been certified as a Class Action and gone to trial, more Class Members may have recovered since claim forms would not have been necessary for recovery. The Court concludes by noting the percentage that is customarily approved by courts in these types of cases. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 424 F. Supp. 3d 456, 497–98 (E.D. La. 2020) ("Between 32% and 37% for settlements between $1 million and $2 million."); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show … fee awards in class actions average around one-third of the recovery."); Newberg and Rubenstein on Class Actions (6th ed. 2022) ("More recent empirical data on fee awards demonstrate that percentage awards in class actions are generally between 20–30%, with the average award hovering around 25%.").

9.      The Court refuses to consider the lodestar value proposed by Plaintiffs' counsel due to insufficient evidence. In the initial motion for attorneys' fees, Plaintiffs asserted a lodestar value without providing evidence to support the hours billed or the hourly rate charged. *See* [Doc. 42-2, p. 4]. In the renewed motions,

additional hours were likewise alleged without sufficient evidence. *See* [Doc. 53-1, p. 2]; [Doc. 58-2, p. 4].

10.   Accordingly, the Court sets the attorneys' fees to be awarded in this matter to 33% of the value of the settlement, or $454,525.42.[3]

<u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED that the JOINT RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Doc. 53] and the PARTIES' JOINT SUPPLEMENTAL SUBMISSION IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT [Doc. 58] are GRANTED IN PART as follows.

1.   The Settlement Agreement is approved;

2.   Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, P.A., and Herman Herman & Katz, LLC are appointed as Class Counsel;

3.   Defendant shall pay Class Counsel its litigation expenses to date, in the amount of $13,823.06, pursuant to the terms of the Settlement Agreement [Doc. 58-2, p. 4];

4.   Defendant shall pay Class Counsel for Class Notice and administrative costs, in the amount of $76,554.68, pursuant to the terms of the Settlement Agreement [Doc. 58-2, p. 4];

5.   Class Counsel shall be paid an attorney fee of $454,525.42 (33% of the settlement value); and

6.   Class representative Dana Bass shall receive a service award of $5,000.

---

[3]   The Court values the settlement at $1,377,349.75. This value is obtained from adding together the following numerical values: $454,525.42 (attorneys' fees); $827,446.59 (cash benefits to Class Members); $13,823.06 (Plaintiffs' litigation expenses); $76,554.68 (Class Notice and administrative costs); and $5,000.00 (Class Member service award).

IT IS FURTHER ORDERED that by entry of this Final Order, Plaintiffs and all Settlement Class Members who have not opted out of the Settlement Agreement shall be deemed to have forever released, relinquished, and discharged Imperial Fire and Casualty Insurance Company from any and all claims covered by the Settlement Agreement.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE without costs to any party, except as otherwise provided herein (subject to retention of jurisdiction to enforce the Settlement Agreement).

THUS, DONE AND SIGNED in Chambers on this 15th day of August 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE